BLANK ROME, LLP
Attorneys for Plaintiff
BELFRI AS
John D. Kimball
Noe S. Hamra
1271 Avenue of the Americas
New York, NY  10020
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BELFRI AS,<br><br>                       Plaintiff,<br><br>          -against-<br><br>SIMS GROUP GLOBAL TRADE<br>CORPORATION,<br><br>                    Defendant. | 22 Civ.<br><br>**COMPLAINT** |

Plaintiff, BELFRI AS ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendant, SIMS GROUP GLOBAL TRADE CORPORATION ("Defendant"), alleges upon information and belief as follows:

## JURISDICTION AND VENUE

1.      This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Specifically, this action concerns claims arising under a charter agreement between plaintiff and defendant.

2.      The Court has admiralty jurisdiction under 28 U.S.C. §1333.

3.      This Court has personal jurisdiction over defendant by virtue of the agreement between plaintiff and defendant which is more fully described below. Specifically, the parties agreed that:

> Any and all disputes of every description arising under this Charter which cannot be resolved by the parties and which shall not by this agreement have been referred to arbitration shall be resolved by action brought in the U.S. District Court for the Southern District of New York, to the admiralty jurisdiction of which court the parties submit themselves. Process in an action brought in such court may be served by either party upon the other by registered mail addressed to the individual or company signing this Charter at the address appearing at the end hereof. The parties agree that this Charter shall be deemed to have been made within the State of New York.

4.      This Court is the proper venue for this proceeding in accordance with 28 U.S.C. § 1391(b).

## PARTIES

5.      At all material times, Plaintiff was and now is a foreign corporation with its offices at Lilleakerveien 6D, 0283, Oslo, Norway.

6.      Upon information and belief, Defendant is a corporation organized under the laws of Delaware, with an office at 485 Route 1 South, Bldg E, suite 140, Iselin, NJ 08830.

## FACTUAL ALLEGATIONS

7.      On or about February 12, 2021, the parties entered into a voyage charter relating to the M/V BELFRI ("Vessel"), for the carriage of iron and/or steel scrap from ports in the United States to ports in Egypt and/or Turkey.

8.      The agreement was memorialized in a fixture recap ("Agreement") dated February 12, 2021.

9.       The Agreement specified terms for calculating laytime and demurrage and required defendant to supply cargo so that the Vessel could depart from the loadport without delay.

10.      Specifically, the Agreement states "LAYTIME NON-REVERSIBLE." It further states that "BSS EGYPT: DISCH 4500 MT PER WWD THURS NOON-0800 SAT AND HOLIDAYS EXCEPTED EIU."

11.      The Agreement further incorporated by reference the terms and conditions of another charter party and states: "OTHERWISE AS PER THE ICY BAY C/P 1/15/2021 WITH LOGICAL ALTERATIONS AS PER MAIN TERMS AND THE FLW AMENDMENTS."

12.      Pursuant to the Agreement, the Vessel loaded cargo in the ports of New York and Norfolk between March 10 and March 17, 2021. The Vessel then proceeded to Alexandria, Egypt to discharge part of the cargo.

13.       The Vessel arrived in Alexandria on April 6, 2021 and completed discharging operations on April 22, 2021.

14.      In accordance with the Agreement, plaintiff issued defendant its invoice No. 000932FINV dated 18 October 2021 in respect of unpaid demurrage totaling $64,178.32.

15.      No part of this invoice has been paid, although duly demanded and notwithstanding that the time of the payment has passed.

16.      To date and despite its demands for payment, defendant has failed to pay plaintiff.

<u>**AS AND FOR A FIRST CAUSE OF ACTION**</u>
**(Breach of Contract)**

17.      Plaintiff repeats and incorporates by reference herein the allegations in paragraphs 1 through 16 of the Complaint as if repeated verbatim.

18.      Plaintiff has performed all of its obligations under the Agreement.

19.     Under the Agreement, defendant is obligated to pay plaintiff for demurrage incurred while loading/unloading the cargo from the Vessel in the amount of $64,178.32, plus interest.

20.     Despite due demand, defendant has failed to pay plaintiff the demurrage to which plaintiff is entitled.

21.     As of the date of filing of this Complaint, no part of the outstanding amount due to plaintiff has been paid although duly demanded.

22.     The non-payment of plaintiff's claim constitutes a breach of the terms and conditions of the Agreement between plaintiff and defendants for which defendant is liable.

**WHEREFORE**, Plaintiff prays:

a. That judgment may be entered in favor of plaintiff against Defendant in the amount of $64,178.32, together with interest, costs and attorneys' fees; and

b. For such other and further relief as this Court may deem just and proper.

Dated: New York, NY
           April 4, 2022

Respectfully submitted,

BLANK ROME LLP
Attorneys for Plaintiff BELFRI AS


_____ /s/ _John D. Kimball_ _____
John D. Kimball
1271 Avenue of the Americas
New York, NY  10020
(212) 885-5000